UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 07-62311 |
| | ) | |
| | ) | CHAPTER 13 |
| RHITA E. BURKE, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtor. | ) | |
| | ) | MEMORANDUM OF OPINION ON OBJECTION TO CONFIRMATION (NOT INTENDED FOR PUBLICATION) |

Now before the Court is the objection to confirmation of Debtor's Chapter 13 plan, filed by Chapter 13 Trustee Toby L. Rosen on December 17, 2007. The Court held a hearing on Trustee's objection on January 25, 2008. The Court held a further status conference on March 19, 2008 and ultimately set a briefing schedule on May 15, 2008, setting deadlines for document production, Trustee's filing of a statement of issues to be briefed, and briefs on the instant objection. Trustee filed her statement of issues on May 30, 2008 and her brief on June 30, 2008. Debtor had until July 14, 2008 to respond and did not do so.

The Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L). The following constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

**FACTUAL AND PROCEDURAL BACKGROUND**

Debtor filed for Chapter 13 protection on August 8, 2007. Her Schedule F reflected unsecured debts totaling $43,226.86, but the case is now past its claims bar date and the total amount of unsecured claims filed is $31,019.99. Debtor listed a monthly disposable income of $348.23 on line 58 of her B22C. It also contained a marital adjustment of $525 on line 19.

Debtor filed the currently proposed version of her Chapter 13 plan on December 14, 2007. The plan would pay $545/mo. for 36 months and provide a 2% dividend to unsecured creditors. Trustee objected on December 17, 2007. As clarified in Trustee's May 30, 2008 statement of the issues briefed in support of her objection, Trustee objected to confirmation of

Debtor's proposed plan on three grounds. The first has now been resolved, but two remain. The first issue was Debtor's improper use of a B22 form that was not in effect as of the commencement of the case; this issue was resolved when Debtor filed a copy of the correct form on March 26, 2008. The two issues remaining involve the aforementioned $525 marital adjustment and the applicable commitment period.

Trustee objects to Debtor's $525 marital adjustment because she learned in discovery that that amount reflects a voluntary payment made to the son of Debtor's non-debtor spouse. Debtor's husband's son, who reached age eighteen on February 14, 2008, is separate and currently resides outside the United States, in the Dominican Republic. Debtor's husband did not claim the child as a dependent on his 2006 individual income tax return. In addition, documents Trustee acquired through discovery do not substantiate the full sum that Debtor claims to be sending to this child every month; the remittances appear lower than the $525 claimed on Debtor's means test calculation. The remittances span a period of 23 months and total $3,367.86, an average of $146.43 per month, $378.57 less than the monthly figure claimed on Debtor's B22C.

Trustee's position with respect to the applicable commitment period is fairly straightforward. Debtor's B22C calculation determined that the applicable commitment period was five years and that her income would be determined under 11 U.S.C. § 1325(b)(3): her annualized current monthly income (line 15 of her B22C) shows a total of $67,597.68. Her household size is three. The applicable median income for families of this size filed on August 8, 2007 was $58,475. Debtor proposed a three-year plan.

## LEGAL ANALYSIS

When an objection to confirmation is filed under 11 U.S.C. § 1325(b), the burden of production initially rests upon the objector; once that burden is satisfied, the burden then shifts to the debtor to demonstrate compliance with 11 U.S.C. §1325(b). See, e.g., In re Barnes, 378 B.R. 774, 777 (Bankr. D.S.C. 2007). Trustee has satisfied her burden of production by producing evidence tending to show that the transfers being made to (or for the support of) Debtor's son are substantially less than claimed on Debtor's B22C. Debtor has proferred neither argument nor evidence in response. This reason alone would be sufficient to deny confirmation of Debtor's proposed plan. Since the issue before the Court is only whether the plan can be confirmed as proposed, the Court need not reach the underdeveloped issue of what portion of the sums actually remitted were in fact used for the benefit of the child. The Court also need not reach the issue of whether any marital adjustment for voluntary support of a separate child of a non-debtor spouse should be permissible at all. Even viewing the facts before the Court in the light most favorable to the debtor, the proposed plan is not confirmable.

In addition, Trustee is correct about the length of the required applicable commitment period. The applicable median income for cases filed August 8, 2007 was $58,475. Line 15 of Debtor's means test calculation shows a figure of $67,597.68, so Debtor, while filing as an

individual debtor, is in an above-median-income household. Under the plain language of 11 U.S.C. § 1325(b)(4), the applicable commitment period is to be five years unless the plan provides for a 100% dividend to unsecured creditors in a shorter time. See generally In re Anderson, 383 B.R. 699, 712 (Bankr. S.D. Ohio 2007). This reason alone would also be sufficient to justify denying confirmation of Debtor's proposed plan.

An order sustaining Trustee's objection to confirmation will be entered concurrently with this opinion.

/s/ Russ Kendig

RUSS KENDIG
U.S. BANKRUPTCY JUDGE

**Service List:**

Joseph M. Romano
The Romano Law Firm
50 Public Square
400 Terminal Tower
Cleveland, OH 44113

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702